[No. 3354.  Decided March 12, 1900.]

## C. W. WALDRON, *Respondent,* v. CANADIAN PACIFIC RAILWAY COMPANY, *Appellant.*

CONTRACTS—AFFREIGHTMENT—FOREIGN CONSIGNMENTS—CUSTOMS DUTIES.

A contract of affreightment made in this country for the carriage and delivery of lumber at a point in a foreign country, together with an agreement on the part of the carrier to clear the customs duties at the point of delivery and collect freight and duties from the consignee, constitutes an entire contract, and cannot be so divided as to treat the contract of affreightment as a local contract and the contract to clear the customs duties as a foreign one.

SAME—LEX LOCI CONTRACTUS—QUESTION OF FACT.

Where the question of whether a contract is a foreign or local one has been fairly placed before the jury, their finding, in the face of a substantial contradiction in the testimony, that the contract was a local one, is sufficient to justify the court's assumption of jurisdiction of the construction of the contract and of any breach of it.

APPEAL—HARMLESS ERROR.

The failure of the court to strike from the complaint allegations setting up an improper claim for damages is not prejudicial, when no evidence is introduced thereunder and the court correctly instructs the jury as to the proper rule of damages.

COMMON CARRIERS—CONTRACT TO ADVANCE CUSTOMS DUTIES—AUTHORITY OF AGENT.

A station agent, who is authorized to solicit freight and quote rates for a foreign railway company, which maintains an office at that point and receives freight there on its own cars, to be transported over a connecting line to its own, has apparent authority to include in a contract of affreightment an agreement

for the clearance of customs duties upon the freight, and such agreement is enforceable against his principal, in the absence of a known want of author.cy.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Affirmed.

*Dorr & Hadley,* for appellant:

The clearing of goods and the payment of export or import duties thereon are not constituent elements involved in a carrier's implied contract to carry and deliver. Seizure under legal process, like the act of God, will excuse the carrier from delivering. Hutchinson, Carriers (2nd ed.), §§ 170a, 171, 210b, 210c; *MacVeagh v. Railroad Co.,* 18 Am. & Eng. R. R. Cas. 651; *Baltimore & O. R. R. Co. v. O'Donnell,* 32 N. E. 480 (21 L. R. A. 117); *Wells v. Maine Steamship Co.,* 29 Fed. Cas. No. 17,401; *The M. M. Chase,* 37 Fed. 710; *Jewett v. Olsen,* 18 Ore. 419 (17 Am. St. Rep. 745); *Bates v. Railway Co.,* 14 Am. & Eng. R. R. Cas. 709, note (50 Am. Rep. 369).

While it is clear that foreign corporations can be sued in this state *ex contractu,* we believe it to be equally clear that the suit must be founded upon some subject matter growing out of acts, which in some manner and at some time had an existence in this state. *Central Railroad & Banking Co. v. Carr,* 76 Ala. 388 (52 Am. Rep. 339); *Camden Rolling Mill Co. v. Swede Iron Co.,* 32 N. J. Law, 15; *Elgin Canning Co. v. Railway Co.,* 24 Fed. 866; *Carpenter v. Westinghouse Air-Brake Co.,* 32 Fed. 434.

A contract to clear goods and pay duties is not a contract upon a subject *apparently* within the scope of the authority of a railroad station agent. *Wood v. Chicago, M. & St. P. Ry. Co.,* 21 Am. & Eng. R. R. Cas. 37; *Louisville, E. & St. L. R. R. Co. v. McVey,* 22 Am. & Eng. R. R. Cas. 384 (49 Am. Rep. 770); *Harrison v. Railway Co.,* 50 Mo. App. 332. A station agent has no authority

as such to commit the company to liability by orders or contracts given or made outside the business of his office, or matters coming within the line of his duties.   1 Rorer, Railroads, 666; *Grover, etc., Machine Co. v. Railway Co.,* 70 Mo. 672 (35 Am. Rep. 444); *Burroughs v. Railroad Co.,* 100 Mass. 26 (1 Am. Rep. 78).

*I. N. Maxwell,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action by respondent against the appellant company to recover damages for the wrongful and negligent delay in shipment and delivery of a consignment of lumber, shingles, laths and other building material over its road and connecting lines from New Whatcom, Washington, to Slocan City, B. C.   The defendant is a railroad company organized in the Dominion of Canada and owns a line of railroad running from the international boundary line at Huntington, B. C., through Slocan City, no part of the road being within the United States.   Mr. Valentine was the station freight and passenger agent at New Whatcom.   At Huntington, B. C., a Mr. Schofield was acting as the station agent, and a Mr. Cameron was the district freight agent at Vancouver, B. C., in which district was Slocan City.   The town of Nakusp was a station on defendant's line a few miles towards Huntington from Slocan City, and the nearest port of entry to the latter place.

The complaint alleged the contract of affreightment made by respondent with appellant through appellant's agent at New Whatcom and the delay in the delivery of the freight, to respondent's damage.   The answer set out the reasons for the delay in delivery at Slocan City, B. C., to be the detention of the freight by the customs officers of British Columbia for payment of duties and clearance under customs regulations.   The reply set out that re-

spondent made a contract with Mr. Valentine, the station agent at New Whatcom, that defendant should procure clearance at the Canadian custom-house, advancing duties thereon, which duties, together with the freight, should be paid at the point of delivery.   Appellant also set out that the contract of affreightment was made with defendant in the Dominion of Canada, to be performed within that province, and the construction of the contract, and any breach thereof, is not within the jurisdiction of the courts of Washington.   Where the contract was made is a question of fact.   The court fairly placed this question of fact before the jury, who were told that the burden of proof was upon the respondent to show it was made within the state, and, if the contract was made and entered into in British Columbia, then the jury need not consider any other feature of the case, as there would be no jurisdiction of the contract.   It is urged by the counsel for appellant that the evidence establishes a foreign contract, but a careful examination of the record here discloses a substantial conflict in the testimony upon this issue.   The respondent's testimony shows an oral contract of affreightment made with Mr. Valentine, the station agent at New Whatcom; that it was represented by the agent that defendant, as carrier, would advance the duties at the custom-house and carry the goods to Slocan City, the point of delivery, and there both the freight and the duties advanced could be paid upon delivery of the goods; that the station agent also directed respondent for further information in detail relative to invoices and method of shipment to consult Mr. Schofield, station agent at Huntington, B. C.; and that respondent afterwards so consulted Mr. Schofield.   It further appears that respondent's goods were actually delivered at New Whatcom and loaded upon defendant's cars; that there was a traffic arrangement between the defendant railroad and a short line, the Bellingham Bay

& British Columbia Railroad Company, between New
Whatcom and the international boundary, connecting with
defendant's line, and that the entire freight from New
Whatcom to Slocan City was charged on the way bills of
defendant and received by it.     Such evidence, adduced
by the respondent, is substantially contradicted on the
part of the defendant.     The view presented from the
standpoint of the respondent is that the contract of af-
freightment from New Whatcom to Slocan City was an
entire one; that is, that it cannot be divided.     An agree-
ment to carry respondent's lumber at the rate agreed to
the point of delivery cannot be considered as one contract,
and an American one, made in this state, and the contract
to clear the customs duties as another, and a foreign con-
tract.     We think the contract was an entire one, and, as
there is substantial evidence to support the finding of the
jury, it must be conclusive here.

Defendant moved against allegations in the complaint
stating that various parties at Slocan had agreed with
respondent to purchase his materials at prices mentioned
and were compelled, by reason of the nondelivery, caused
by the delay of the defendant, to procure the same else-
where.     The motion was denied.     Afterwards the court
clearly instructed the jury upon the rule of damages,—
that is, the difference between the market price at Slocan
at the time the materials should have been delivered and
when they were actually delivered; and as evidence was not
introduced under the objectionable allegations of the com-
plaint, and the law correctly stated to the jury, the defend-
ant was not injured.

The most important assignment made by defendant was
on the eighth instruction by the court, which is in the
following language:

17—22 WASH.

" But if you find from the evidence that such an agreement was made by the regularly stationed agent of the defendant, who was held out by the defendant company as an agent having authority to make contracts of affreightment and incidental arrangements connected therewith, then the plaintiff had a right to rely upon the agent's representations, unless the defendant had in some manner given notice of the limitations upon the agent's authority, which notice had been publicly given, or was in fact known to the plaintiff."

The station agent at New Whatcom represented the defendant company in this state, and the defendant had offices in New Whatcom, and was soliciting freight, and quoting rates from there to eastern points, and receiving freight there upon its own cars. The station agent at New Whatcom, we think, had apparent authority to include in the contract of affreightment made with respondent the clearance of the lumber and material of customs duties. Current authority upon the power of the agent representing the principal enables him to make all necessary and reasonable stipulations for the delivery of goods, and it is fair to assume the speedy delivery of the goods necessarily placed in contemplation of the parties to the contract at New Whatcom the clearance under the regulations of the British Columbia customs department. *Wood v. Chicago, M. & St. P. Ry. Co.,* 68 Iowa, 491 (27 N. W. 473, 56 Am. Rep. 861); *Deming v. Grand Trunk R. R. Co.,* 48 N. H. 455 (2 Am. Rep. 267); *Pruitt v. Hannibal & St. Jo. R. R. Co.,* 62 Mo. 527; *Harrison v. Missouri Pacific Ry. Co.,* 74 Mo. 364 (41 Am. Rep. 318); Hutchinson, Carriers, (2d ed.) §§ 267, 269, 319; 1 Elliott, Railroads, § 303; 1 Wood, Railroads (Minor's ed.), p. 506; 5 Am. & Eng. Enc. Law (2d ed.), p. 351; *Guesnard v. Louisville & N. R. R. Co.,* 23 Am. & Eng. R. R. Cas. 691.

A carrier has a lien upon goods for import duties paid. 4 Elliott, Railroads, § 1570; *Guesnard v. Louisville & N. R. R. Co., supra.*

The judgment is affirmed.

GORDON, C. J., and DUNBAR and FULLERTON, JJ., concur.