W. J. OLIVE AND G. L. COLLIER v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 31 March, 1910.)

1. **Carriers of Freight—Penalty Statutes—Refusal to Accept Freight—Interpretation of Statutes.**

Revisal, sec. 2631, imposing a penalty upon the carrier refusing to accept freight for shipment, provides that the tender be made at a regular station and that the articles tendered be of the nature and kind received by the carrier for transportation, and it is necessary in an action for the penalty to show that the character of the shipment and place of tender are such as fall within its provisions.

2. **Pleadings—Demurrer—Measure of Damages.**

A demurrer to the complaint cannot be sustained when under the allegations the plaintiff is entitled to some damages, but the measure of damages cannot be considered upon demurrer.

3. **Pleadings—Demurrer—Penalty Statutes—Some Damages—Interstate Shipments—Refusal to Accept.**

The complaint in an action for damages alleged by failure of carrier to accept a tender of an interstate shipment, and for the penalty under Revisal, sec. 2631, sufficiently alleging a ground for the recovery of nominal damages at least, the question of whether the statutory penalty may be imposed upon an interstate shipment does not arise upon defendant's appeal from an order of the trial judge overruling a demurrer to the complaint defendant had interposed.

4. **Pleadings—Demurrer Overruled—Costs—Procedure—Answer Over.**

It is error to tax defendant with costs upon overruling its demurrer to the complaint, when there is no suggestion of its being frivolous. In such case the judgment should be that defendant answer over.

APPEAL from *Lyon, J.,* at October Term, 1909, of CUMBERLAND.

Civil action to recover penalty of the defendant carrier for refusal to receive, for shipment, lumber tendered by the plaintiffs to defendant's agent at Wade, N. C., for shipment to Henderson-Jarrett Company at Norfolk, Va., and refusing to issue a bill of lading for the same, after due demand by the plaintiffs, and for damages suffered in consequence of such refusal.

The cause coming on to be heard on demurrer, the demurrer was overruled, and defendant appealed.

*Q. K. Nimocks* for plaintiff.
*Rose & Rose* for defendant.

BROWN, J. 1. The allegations of the complaint could be made a little more definite as to the exact place where the tender of the lumber was made, but in their present form we think they state a cause of action which, if established, would entitle plaintiffs to recover something.

It is manifest from an examination of section 2631 of the Revisal, under which this action is brought, that the exact place of tender is very material in determining the liability of the carrier. Under the language of the statute the carrier is required to receive at *"a regular station"* only "all articles of the nature and kind received by such company for transportation." The carrier is not required to receive them when tendered elsewhere, except in the case of loaded cars (loaded by the shipper), which may be tendered "at a sidetrack or any warehouse connected with the railroad by a siding."

Of course, the plaintiffs cannot recover, on this complaint, for a failure to furnish cars under section 2634 of the Revisal, as they do not set out any allegations of fact coming within the terms of that section, or base their claim upon it.

The gravamen of their complaint and the cause of action, as stated, is that they tendered to defendant at Wade, N. C., a certain quantity of loose lumber for shipment to Henderson-Jarrett Company, Norfolk, Va., which the defendant wrongfully and unlawfully refused to receive and issue a bill of lading for. We infer from this that Wade, N. C., is a regular station of the defendant and that loose lumber (not loaded by the shipper in cars) is an article of the nature and kind usually received by railroads for transportation. But these facts can be best determined upon the trial.

2. The question of the measure of damage cannot be considered upon demurrer. If the allegations of the complaint be sustained the plaintiffs will be entitled to recover some damage, if only nominal. The true measure of damage can best be determined when all the facts are before the court.

3. Whether this transaction comes within the purview of the interstate commerce law, so as to relieve the defendant from a penalty for refusal to receive the lumber for shipment to Norfolk, Va., need not be discussed. In any event, the plaintiffs would be entitled to recover their actual damages, whether they could recover the penalty or not. But the writer regards the question as settled by this Court in the recent case of *Lumber Co. v. R. R.*, 151 N. C., 23.

We notice in the judgment that the demurrer is overruled and the defendant taxed with all the costs. There being no contention that the demurrer is frivolous, the judgment should have been that the defendant answer over.

As modified, the judgment is

Affirmed.