## J. H. NEWBERRY v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 13 November, 1912.)

1. **Railroads—Principal and Agent—Local Agent—Scope of Authority—Secret Limitations.**

   Local station agents of a railroad company are presumed to have the usual and necessary authority to carry on the business intrusted to them, and to make contracts binding upon the railroad company within the scope of their authority, which may not be diminished by restrictions or special instructions therein from the company which are uncommunicated to the shipper.

2. **Same—Contracts—Special Cars.**

   A local freight agent of a railroad company may make reasonable contracts for the shipment of goods, on a specified day, in cars of a certain kind, etc., and such contracts, being within the usual scope of the powers conferred on agencies of this character, will bind the company, though the terms of the particular agreement are in excess of the powers actually conferred.

3. **Same—Indeterminate Period—Special Authority.**

   A local station agent of a railroad company may not be presumed to have the authority to contract with a traveling troupe to furnish a baggage car for the hauling of its platforms, tents, etc., for an indeterminate period and at other stations of the company; and to recover damages for breach of contract made by an agent of this character for failure to furnish a baggage car at several stations beyond that of the alleged contract, special authority must be shown or it must appear that the contract has been in some way approved or ratified by the company.

4. **Railroads—Principal and Agent—Local Agent—Contracts—Special Cars—Special Authority—Evidence.**

   In an action brought by a traveling troupe to recover from a railroad company damages alleged to have been caused by a breach of contract, made with the defendant's local agent, to furnish a baggage car indeterminately beyond his station, it is competent for the defendant to show the want of authority of the agent to make a contract of that character.

5. **Railroads—Principal and Agent—Scope of Authority—Ratification—Evidence—Nonsuit.**

   When there is conflicting evidence as to whether a local agent of a railroad company had authority to make the contract sued on, or whether the company had ratified the contract, and when

a separate cause of action is alleged, with evidence to support it, of further damages caused by the defendant's negligence not depending on the express contract theretofore set out, a judgment of nonsuit should not be entered.

**6. Actions—Several Causes—Judgments—Modification—Appeal and Error.**

When there are two causes of action alleged which are severable and distinct, and error has been committed by the trial court as to one, which necessitates a new trial, but no error has been committed as to the other, the judgment on appeal will be modified to the extent only of granting a new trial in the cause wherein the error was committed.

APPEAL by defendant from *O. H. Allen, J.,* at February Term, 1912, of DUPLIN.

Civil action to recover damages for breach of contract. There was allegation, with evidence on part of plaintiff tending to show, that he was the proprietor of a traveling troupe, known as the Hallie Mack Show, and had procured a special passenger car for his actors, and, being at Weldon, N. C., on or about 6 June, 1910, he made a contract with defendant's transportation agent, a Mr. Rodwell, that he was to be supplied with a baggage car of certain dimensions, with doors open at both ends, for the transportation of his outfit, including stage platform, tents, poles, etc., and he was to have this car, at a stated price, over defendant's lines, on Saturday night of each week-end while the show was giving exhibitions in that vicinity. That car was furnished as per contract for Henderson, the next point, and from Henderson to Oxford, but on the third and some subsequent points defendant failed to supply car, causing plaintiff much damage, etc.

Defendant denied making a contract for the car except to Henderson, the next point on its lines, and averred that if any such contract was made, it was with one C. E. Carter, defendant's local passenger agent at Weldon, and that neither Carter nor Rodwell, alleged to be a local freight agent at Weldon, had any authority to make the contract sued on, express or implied, and offered evidence on the questions presented, including several telegrams between Carter and C. B. Ryan, general passenger agent of defendant company, and other telegrams tending to

show that the contract as made was only to supply the car to the next station, Henderson, and tending to establish other facts in support and corroboration of defendant's position. These telegrams were at first admitted by the court, but were afterwards entirely withdrawn, his Honor charging the jury: "That all telegrams and communications between the ticket agent at Weldon, N. C., and Superintendent C. B. Ryan and J. A. Witt are withdrawn from the consideration of the jury for any and all purposes, and the jury are instructed that they cannot consider them for any purpose"; and charging further: "If the contract at Weldon was made by the agreement there with the ticket agent in the office, even though the ticket agent had no authority to do so, it would be binding on the railroad, as the contract alleged to have been made was apparently within the scope of his authority to arrange for cars, unless he did or attempted to do something contrary to law or the rules and regulations of the Railroad Commission of the State or Federal regulations." Defendant excepted to both rulings.

Plaintiff declared on a second cause of action for negligent injury in moving plaintiff's private car at Louisburg, causing damage. This was denied by defendant, and both parties offered evidence as to this cause of action. On issues submitted the jury rendered the following verdict:

1. Did the defendant Seaboard Air Line Railway agree, through its agent at Weldon, to furnish the plaintiff with a baggage car every Saturday night up to and including Saturday night, 9 July, 1910, at Louisburg? Yes.

2. If so, did it fail to furnish car at Louisburg at that time? Yes.

3. If so, what damage, if any, did plaintiff sustain on account of such failure? $430.

4. Was the plaintiff's private car damaged by the negligence of the defendant? Yes.

If so, how much? $20.

Judgment for plaintiff, and defendant excepted and appealed, assigning for error, chiefly:

1. That his Honor withdrew the telegrams from the consideration of the jury.

2. The charge of the court that on the facts in evidence a contract with the ticket agent would be binding on the company, though the ticket agent had no authority to make it, the same being within the apparent scope of his authority.

3. That, on motions properly made, the court refused to nonsuit.

*Johnson & Johnson and H. D. Williams for plaintiff.*
*Murray Allen for defendant.*

HOKE, J. There was evidence on the part of the defendant tending to show that the contract was different from that declared on by plaintiff and that same was made with one E. C. Carter, the local passenger agent at Weldon, and further that C. B. Rodwell, with whom plaintiff testified the contract was made as defendant's "transportation agent," was only the local freight agent and yardmaster at Weldon, and on this testimony, in either aspect of it, we think the defendant is entitled to a new trial of the issues on the first cause of action.

On authority, these local railroad agents, whether passenger or freight, in charge of the company's business of their respective stations, have "the power to do what is usual and necessary to carry on the business intrusted to them, and to make all such contracts as are reasonable and appropriate to that end." Within the scope of these powers their acts are as binding as those of a general agent on a broader field, and under the limitations suggested their authority is subject to the well-recognized principle of the law of agency, that it may not be diminished or affected by restrictions or special instructions from the company which are uncommunicated to the shipper. *Gooding v. Moore,* 150 N. C., 198; *Harrell v. R. R.,* 106 N. C., 258; 1 Elliott on Railroads (2 Ed.), sec. 303; 2 Hutchison on Carriers (3d Ed.), sec. 630; 6 Cyc., p. 431.

Applying the doctrine, there are many well-considered cases to the effect that these local freight agents may make reasonable contracts for the shipment of goods, on a specified day, in cars of a certain kind, etc., and such contracts will bind, though the terms of the particular agreement are in excess of the powers actually conferred. *Merriwether v. R. R.,* 128 Mo. App., 647;

*Harrison v. R. R.,* 74 Mo., 364; *Storer v. R. R.,* 109 Iowa, 551; *R. R. v. Racer,* 10 Ind. App., 503; *Nichols v. R. R.,* 24 Utah, 83; *Walchon v. R. R.,* 22 Wash., 253; *Greene v. R. R.,* 142 Ind. App., 532. While giving full adherence to the general principle sustained in these cases, we are of opinion that the contract now in question is not within the powers usually possessed by one who is, in strictness, a local agent—a contract to provide a baggage car of a certain kind to haul an outfit of this character, including stage platform, tent, stage, etc., and to supply the same at each week-end for an indeterminate period and at other stations of the company.

Without deciding that the character of the car should of itself be regarded as determinative, there are many cases which hold that a local agent has not the power to contract for cars to be supplied at a separate and distinct station, and to uphold a contract of that character, special authority must be shown or it must appear that the contract has been in some way approved or ratified. *Vorhees v. R. R.,* 71 Iowa, 735; *R. R. v. Hodges,* 10 Texas Civ. App., 543; *Elkins v. R. R.,* 23 N. H., 275; *Greene v. R. R.,* 70 Mo., 672; 2 Redfield Railways, p. 137; and on the general principles controlling in such cases, see *Bank v. Hay,* 143 N. C., 326; *Stephens v. Lumber Co., ante,* 107.

With these facts in evidence, therefore, on the part of the defendant, tending to show that the contract was made with a local agent of the company, there was error in holding as a matter of law that the same was within the scope of the agent's powers, and that no limitation on his authority could be shown. For the same reason there was error in withdrawing the telegrams relevant to the question from the consideration of the jury. Those directly between local and the general passenger agents were competent in so far as they tended to show the nature of the contract and the restrictions which were imposed on the local agent's authority, and most of them are admissible in corroboration of such agent, who testified as to the terms of the contract as contended for by defendant.

The motion to nonsuit could not have been allowed, there being facts in evidence, on the part of plaintiff, tending to show that the agent with whom the plaintiff claimed to have con-

tracted had power to make the same, and, further, that the contract as contended for by him had been ratified by the company, and, further, there was pertinent evidence bearing on the fourth and fifth issues, those submitted on plaintiff's second cause of action, and to which the errors referred to have no application. We find no error in the determination of these issues, and the actionable wrong and the incidental damage having been established without reversible error and being easily severable, it is proper that the judgment as to that portion of plaintiff's recovery should be affirmed. In 3 Cyc., p. 447, the position is stated as follows: "When a judgment appealed from consists of distinct and independent matters, so that the erroneous portions thereof can be segregated from the parts that are correct, the court will not set aside the entire judgment, but only so much as is erroneous, leaving the residue undisturbed. Thus, where a judgment, entered on several causes of action, is correct as to some of them, but erroneous as to others, it may, if the judgment is divisible, be reversed as to the latter and affirmed as to the former."

This will be certified, that there may be a new trial as to plaintiff's right to recover on the alleged breach of contract, the first cause of action, and that the judgment for the recovery on the second cause of action be affirmed.

Partial new trial.