CORAN TILLEY v. NORFOLK AND WESTERN RAILWAY
COMPANY.

(Filed 16 April, 1913.)

1. Carriers of Goods—Dangerous Shipments—Corporation Commission's Powers—Interpretation of Statutes.

The Corporation Commission is given statutory powers in making orders and regulations for the safety, etc., of shippers or patrons of any public-service corporation, and particularly to regulate the shipment of articles rendering transportation dangerous, such as inflammable articles of freight. Chapter 471, Laws 1907; Revisal, secs. 1066, 1099, and 1112.

2. Same—Refusing Shipments—Penalty Statutes.

Where the Corporation Commission has authorized and fixed and approved the charges for the transportation of baled hay, without expressly requiring its acceptance by the carrier when unbaled or loose, and by express provision it does not require the carrier to receive "cotton or other merchandise and warehouse the same unless the articles offered are in good shipping condition," etc., the carrier is not liable, under the ruling of the Commission, for the penalty prescribed by Revisal, sec. 2631, for refusing to receive for shipment a car-load of loose hay, such shipments evidently being of such a character as to endanger the property, not only of the carrier, but that of others received by the carrier for shipment.

3. Same—Bills of Lading—Loading by Shipper—Acceptance—Principal and Agent.

Where the agent of a railroad company has permitted a shipper to load loose hay in its car, and has immediately wired for instructions, which are received, refusing the shipment, and consequently the shipment is refused by him before issuing the bill of lading, the refusal to issue the bill of lading is a refusal to receive the shipment, and the carrier is not liable for the penalty prescribed by Revisal, sec. 2631, upon the theory that the rules of the Commission, while not requiring the acceptance of the shipment, does not forbid its acceptance by the carrier, and having accepted the shipment, the carrier is liable.

4. Carriers of Goods — Principal and Agent — Acceptance of Shipment—Scope of Agent's Authority.

An agent of the carrier is without authority from his principal to receive goods for shipment in a condition prohibited by law.

5. Pleadings—Inconsistent Proof—Penalty Statutes—Interpretation of Statutes.

In a suit for the penalty against the carrier for the refusal to accept a shipment (Revisal, sec. 2631), the plaintiff, necessarily alleging the refusal of the carrier, cannot contradict this averment by seeking a recovery upon the ground that the company had received this shipment, as it had a right to do, though under the law it may have refused to do so in the condition in which it was offered.

APPEAL by defendant from *Peebles, J.,* at January Term, 1913, of DURHAM.

Civil action to recover penalty under Revisal, sec. 2631. The following are the issues:

1. Did the defendant wrongfully and unlawfully fail and refuse to accept and transport the pea-vine hay, as is alleged in the complaint? Answer: Yes.

2. What penalty, if any, is the plaintiff entitled to recover? Answer: $650.

From the judgment rendered, the defendant appealed.

*L. L. Tilley and Branham & Brawley for plaintiff.*
*Guthrie & Guthrie and Theodore W. Reath for defendant.*

BROWN, J. The plaintiff tendered to defendant's agent at Willardsville, N. C., a lot of loose pea-vine hay (not baled, marked, or packed), for shipment to Durham, N. C. The agent told plaintiff to load the hay in a car on a side-track, which was done. Agent said to plaintiff that he had no classification for loose hay, and wired to headquarters at Roanoke to see if he could ship it. Upon receiving instructions, the agent refused to issue a bill of lading or to receive the hay and ship it, but unloaded it from the car into a near-by barn. Plaintiff then delivered the hay in Durham by wagon.

By motion to nonsuit, as well as prayers for instruction, defendant raises the question as to the liability of defendant for a penalty for failure to receive and ship the hay.

Section 2631, Revisal of 1905, penalizes railroads and other transportation companies, whose duty it is to receive freights, when they refuse to receive for shipment all articles "of the

nature and kind received by such companies for transportation" when tendered at a regular depot. *Olive v. R. R.,* 152 N. C., 279.

The common-law duties of a common carrier by railroad in North Carolina as to *intrastate* traffic are largely superseded and supplemented by the statutory law of the State, and the carrier's duty to receive such freight tendered for carriage is now governed by the rules and regulations prescribed by the Corporation Commission of the State.

By section 1066, Revisal of 1905, the Commission is given general control and supervision of all railroad corporations, and by the act. of 1907, chapter 469, it is authorized to make any necessary and proper rules, orders, and regulations for the safety, comfort, and convenience of passengers, shippers, or patrons of any public-service corporation, and particularly to regulate the shipment of articles likely to render transportation dangerous.

By chapter 471, Laws 1907, the Commission is particularly authorized to regulate the carriage of inflammable articles as freight.

By section 1099, Revisal of 1905, the Commission is given broad and general powers to "make reasonable and just rates" for freight and passenger service. The schedules of rates so made are declared to be *prima facie* evidence that such rates are just and reasonable, by section 1112, which provides for the certification of copies of all such schedules by the clerk of the Commission.

The Commission has authorized the transportation of baled hay and fixed and approved the charges therefor, but by its prescribed classification does not authorize the carriage of unbaled, loose hay; hence the defendant is not liable for the penalty by refusing to receive and ship the hay tendered by plaintiff.

Among the rules prescribed by the Commission is this: "Railroad companies are not required to receive cotton or other merchandise and warehouse the same unless the articles offered are in good shipping condition, well prepared by the shipper with proper packing and legible, plain marking, and accompanied with orders for immediate shipping." Page 64, 13th Annual Report.

Not only does nothing in the classification authorize the carriage of the commodity offered by plaintiff, but by the plainest implication such carriage is prohibited. Wherever in the classification hay or any like articles, such as sea-grass or hair or waste, are classified, it is always with the requirement that the commodity be offered baled, as the railway company insisted that plaintiff's shipment should be prepared in the present case. Such a commodity as loose hay on a railway whose motive power is fire-driven engines would be so dangerous as to imperil not only the railway company's property, but the property of all other shippers. It is for this reason that the reasonable precaution is prescribed by the classification of the Corporation Commission that such an article and all similar articles must be rendered less dangerous by baling.

It is contended, however, that the agent of defendant actually received the hay for shipment and permitted plaintiff to load it in a car, and that the classification and rules of the Commission do not prohibit the carrier from receiving such commodity as loose hay if it elects to do so.

There are three answers to this argument: First. The agent had no authority from the defendant to receive such an article as loose hay for shipment. He telegraphed at once to headquarters for instructions, and was directed to refuse to receive it, and the agent at once informed plaintiff. *Newberry v. R. R.,* 160 N. C., 156.

Second. In any view of the evidence, there was in law no receipt of the hay by the defendant. The refusal to issue a bill of lading was a refusal to receive the hay for shipment, and the fact that the agent had permitted plaintiff to load the hay into a car makes no difference. We have distinctly held that when a common carrier permits a shipper to load a car with his goods and refuses to ship the car or to *issue a bill of lading* therefor, it is a *refusal* to receive the goods for shipment, under Revisal, sec. 2631, which is the section upon which plaintiff bases his action. *Garrison v. R. R.,* 150 N. C., 575; *Twitty v. R. R.,* 141 N. C., 355.

Third. Plaintiff having sued to recover the penalty prescribed for a failure to receive the hay for shipment, and hav-

ing alleged a refusal to receive it, cannot now be permitted to contradict his own averment.

The motion to nonsuit is allowed, and the action dismissed. Reversed.