J. H. NEWBURY v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 14 October, 1914.)

**Railroads—Principal and Agent—Contracts—Special Authority—Trials—Evidence—Questions for Jury.**

Upon the question whether a railroad company through its proper officers authorized its local agent to make a contract for furnishing the plaintiff a baggage car at certain other of its stations at stated times, or ratified the act of the agent in making such contract, evidence is held sufficient which tends to show the plaintiff requested the car from the local agent, who asked time before replying, and subsequently entered into the contract, and the car was thereafter furnished at two of the stations. The charge of the court is approved in this case.

APPEAL by defendant from *Whedbee, J.,* February Term, 1914, of DUPLIN.

*Johnson & Johnson for plaintiff.*
*H. L. Stevens and Murray Allen for defendant.*

CLARK, C. J. When this case was before us, 160 N. C., 156, this Court held that the local station agent of a railroad company is not presumed to have authority to contract with a traveling troupe to furnish a baggage car for the hauling of its platform, tents, etc., for an indeterminate period, and to recover damages for breach of contract

when made by an agent of this character for failure to furnish a baggage car at other stations beyond that of the alleged contract, special authority must be shown, or it must appear that the contract has been in some way approved or ratified by the company, and a new trial was granted upon the first issue, as to damages for failure to furnish the baggage car.

On this trial the jury found, on the issues submitted, that the defendant railroad company, through its agent at Weldon, agreed to furnish the plaintiff with a baggage car every Saturday night, up to and including Saturday night, 9 July, 1910, at Louisburg, and that the defendant authorized or ratified said contract, but failed to furnish said car at Louisburg, to plaintiff's damage, $377.50.

The only point presented in the defendant's brief (Rule 34) is the refusal to nonsuit upon the ground that there was no evidence of authority or ratification. There is evidence from the defendant to the contrary, but that we cannot consider. That was for consideration by the jury, and they have found against the defendant.

The evidence submitted to the jury in favor of the plaintiff is correctly summed up by the court substantially as follows: "The first question for the jury to consider is, Was there a contract between the plaintiff and the defendant that the defendant was to furnish the plaintiff the baggage car each Saturday night while the plaintiff was on the defendant's line of railroad? The plaintiff contends that there was such contract. His evidence was that he, with his manager, Moore, went to the defendant's agent, Rodwell, at Weldon (to whom he was sent by the ticket agent, Carter), and told him that he would be on the defendant's line of railroad for several weeks with his private car, and that he would want a baggage car of certain dimensions, with doors in the ends, each Saturday night while he was on defendant's line; that Rodwell told him he would let him know, and in a short while did let him know, saying he could furnish the car; that in pursuance of this agreement the defendant did furnish the car at Weldon and at Henderson." Plaintiff further contends that even if the defendant's agent, Rodwell, had no authority to furnish the car at Weldon and at Henderson, that this was a ratification of the contract as made by said Rodwell, and thereby became binding on the defendant.

The court then stated defendant's evidence and contentions, and, after defining contract and charging that the plaintiff must satisfy them by the greater weight of evidence of such contract, told the jury that "If either of the defendant's agents, Carter or Rodwell, made the contract with plaintiff, as alleged by him, then in order for the contract to become binding on the defendant it would be necessary that this information be communicated to the defendant's officers who were especially in-

trusted with furnishing such equipment, and that they, upon this information and upon the terms of the contract, furnished the equipment in question; and if the jury should find this by the greater weight of the evidence it would be a ratification of the contract, and would be as binding on the defendant as if it had made the same in the first instance by its duly authorized agent." The court further charged the jury correctly that before an unauthorized agreement by an agent can be ratified or adopted so as to bind the principal, he must know the terms of the contract; that the jury must first find whether either Carter or Rodwell made the contract as alleged by plaintiff, and that neither of them had a right to make such contract without express authority, and that there was no evidence that such authority was given them; and the plaintiff must show that the officer who had such authority confirmed the contract, before the plaintiff can recover.

The charge was somewhat fuller than this, and was correct. The only question is, Was there any evidence upon which the jury would be authorized to find that the contract was ratified by the proper official? For this the plaintiff relies upon his evidence that Rodwell made such contract, but asked for delay before he agreed to furnish the car, and the plaintiff contends that it is a reasonable inference from such delay, followed by the contract and the subsequent furnishing of the car at the proper time at Weldon and at Henderson, which warranted the jury in finding that Rodwell wired and got authority. There was no conflicting evidence that the car was not furnished at Louisburg, and there was no exception as to the evidence of damages.

The jury found that the contract was made by Rodwell or Carter at Weldon. We think the fact that it was complied with by a car of that description being furnished at the proper time, later at Weldon and at Henderson, was some evidence to go to the jury that the official who controlled the movement of such cars had authorized or ratified such contract. In the nature of the case, it would be difficult for the plaintiff to furnish any other or further evidence. He could not go with safety "into the enemy's camp" and bring its officials at random from Norfolk or other points. Indeed, he might not know what official had charge of this matter. The plaintiff dealt with the only representatives of the company he could see, Rodwell or Carter, at Weldon, and left it, of course, to such agent to communicate with his proper superior who had that matter in charge.

The jury, under the charge, must have believed that the local agent communicated the terms of the contract and that it was accepted by some one "higher up." The evidence of ratification or of authorization was more than a scintilla.

No error.